**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121<br>Hon. Matthew F. Kennelly |
| This Document Relates To:<br><br>*Fresenius Medical Care Ventures, LLC*<br><br>Plaintiff,<br><br>v.<br><br>*Claritev Corp. f/k/a Multiplan, Inc., et al.*<br><br>Defendants | **Civil Action No. 1:25-cv-13781**<br><br>**DIRECT FILED COMPLAINT PURSUANT TO MDL ORDER 6.** |

**DIRECT ACTION PLAINTIFF SHORT-FORM COMPLAINT**

The Plaintiff named below files this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiff incorporates by reference the factual allegations, as well as the claims and relief checked off below, sought in Plaintiffs' Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In re Multiplan Health Insurance Provider Litigation,* MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiff files this Short-Form Complaint pursuant to the Proposed Case Management Order regarding the Consolidated Master Complaint and Individual Short Form Complaints for Direct Action Plaintiffs, filed on the MDL Docket (No. 1:24-cv-06795) at ECF 170.

Plaintiff indicates by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiff's case. Plaintiff, by and through the undersigned counsel, alleges as follows:

1

## I. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

1. Name of the Plaintiff alleging claims against Defendant(s):

**Fresenius Medical Care Ventures, LLC ("FME")**

2. For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members. For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint:

| Plaintiff | Principal Place of Business | State of Incorporation |
|---|---|---|
| Fresenius Medical Care Ventures, LLC | 920 Winter Street Waltham, MA 02451 | Delaware |

### B. DEFENDANT(S)

3. Plaintiff names the following Defendant(s)[1] in this action [*Check all that apply*]:

- [✓] Claritev Corporation (f/k/a MultiPlan, Inc.)
- [✓] Aetna, Inc., a subsidiary of CVS Health Corporation
- [✓] Blue Shield of California Life & Health Insurance Company
- [✓] Blue Cross Blue Shield of Michigan Mutual Insurance Company
- [✓] Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota
- [✓] Cambia Health Solutions, Inc. f/k/a The Regence Group
- [✓] Centene Corporation
- [✓] The Cigna Group
- [✓] Elevance Health, Inc. f/k/a Anthem, Inc.
- [✓] Health Care Service Corporation
- [✓] Highmark Health
- [✓] Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey
- [✓] Humana Inc.
- [✓] Kaiser Foundation Health Plan, Inc.
- [✓] Molina Healthcare, Inc.
- [✓] UnitedHealth Group Inc.

---

[1] Each Defendant named in this Short-Form Complaint includes each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. includes, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United Healthcare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.; and United Healthcare of Florida, Inc.

| | |
|---|---|
| ✓ | Allied National, LLC |
| ✓ | Benefit Plans Administrators of Eau Claire, LLC |
| ✓ | Central States Southeast and Southwest Areas Health and Welfare Fund |
| ✓ | Consociate, Inc. d/b/a Consociate Health |
| ✓ | Healthcare Highways Health Plan (ASO), LLC |
| ✓ | Secure Health Plans of Georgia, LLC D/B/A Secure Health |
| ✓ | Sanford Health Plan |
| ✓ | CareFirst Of Maryland |
| ✓ | Blue Cross Blue Shield of Massachusetts |

    **C.    OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff contends are additional parties and are liable or responsible for Plaintiff's damages alleged herein, Plaintiff must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

    **N/A**

**II.    DESIGNATED FORUM**

4. For Direct Filed Cases: Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: **Northern District of Illinois**

5. For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing: **N/A**

**III.    JURISDICTION AND VENUE**

6. Subject Matter Jurisdiction is based on:

| | |
|---|---|
| ☐ | Diversity of Citizenship |
| ✓ | Federal Question |
| ✓ | Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure): |

    **Supplemental jurisdiction under 28 U.S.C. § 1367 over state-law-based antitrust causes of action.**

**IV.    FACTS AND INJURIES ASSERTED**

7. Plaintiff adopts all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiff does not adopt (as indicated

3

below).

8. Plaintiff adopts and alleges as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

## V. ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES OF ACTION

9. Plaintiff alleges the following additional facts in support of its standing to bring causes of action:

Plaintiff FME is part of a nationwide system of more than 900 commonly owned and controlled companies that operate health care facilities throughout the United States that deliver life-saving dialysis treatments to patients suffering from kidney disease. Each of the affiliated companies, including FME, has been harmed as described in the Consolidated Master DAP Complaint. For administrative efficiency, each of the affiliated companies has assigned and transferred to FME all right, title, and interest in all damages, claims, and causes of action they may possess against the Defendants in this action, specifically including federal and state antitrust causes of action. FME therefore brings this action in its own right to recover for the underpayments to FME and the underpayments across its network of affiliated dialysis providers, and FME will disperse to those providers their pro rata share of any funds recovered less any costs incurred. FME makes the below further allegations as if standing in the shoes of its affiliated dialysis provider companies.

Most FME patients suffer from End Stage Renal Disease ("ESRD"), which is a chronic kidney condition for which regular kidney dialysis is necessary to sustain life unless and until a successful kidney transplant can be delivered. Patients suffering from ESRD must receive a regular course of dialysis at least three times per week to survive. Once accepted for treatment, it is understood that a patient is being accepted not for an individual treatment but for a course of treatment that likely will continue for their lifetime. This is particularly true because nearly all of these patients also have Medicare coverage (ESRD is the only condition or disease that makes an individual eligible for Medicare regardless of age or disability status), and Medicare regulations prohibit dialysis providers

from involuntarily discharging ESRD patients due to payment disputes. FME therefore must continue to treat these patients even if FME is dissatisfied with the reimbursement rates it receives. As a result, FME has been, and continues to be, directly harmed by the Defendants' conspiracy to fix prices for FME's services to which no contract applies and thus are paid through the out-of-network prices set by Defendants.

## VI. CAUSES OF ACTION ASSERTED

10. Plaintiff adopts and asserts the following Causes of Action alleged in the Consolidated Master DAP Complaint, and the allegations with regard thereto, against the Defendants identified above (*check all that are adopted*).

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| ✓ | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ✓ | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ✓ | III | Principal-Agent Combinations in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ✓ | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ✓ | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ✓ | VI | Violation of State and D.C. Antitrust Statutes | All pleaded |
|  | VII | Violation of State Consumer Protection Laws | -- |
|  | VIII | Unjust Enrichment | -- |

## NOTE

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

## VII. ADDITIONAL CAUSES OF ACTION

11. Plaintiff asserts the following additional Causes of Action and supporting allegations

against the following Defendants:

**N/A**

### VIII. PRAYER FOR RELIEF

12. *Check all that apply*:

[✓] **WHEREFORE,** Plaintiff prays for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled, including disgorgement.

[✓] **WHEREFORE,** Plaintiff prays for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled.

### JURY DEMAND

[*Check the applicable box*]:

[✓] Plaintiff hereby demands a trial by jury as to all claims in this action.

[ ] Plaintiff **does not demand** a trial by jury as to all claims in this action.

****

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of pro hac vice status.

| | |
|---|---|
| Dated: November 10, 2025 | /s/ Brian D. Schneider |
| | **ARENTFOX SCHIFF LLP** |
| | Caroline Turner English D.C. Bar No. 463006 |
| | Brian D. Schneider D.C. Bar No. 983171 |
| | 1717 K Street, NW |
| | Washington, DC 20006-5344 |
| | (202) 857-6000 (telephone) |
| | (202) 857-6395 (facsimile) |
| | caroline.english@afslaw.com |
| | brian.schneider@afslaw.com |
| | |
| | *Attorneys for Plaintiff* |